FILED
OCT 2 7 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUE VALUE CO.,

    Plaintiff,

v.

STE. LUCIE RENTALS, INC. and
CHRISTOPHER M. JOHNDROW,

    Defendants.

Case No. 05 C 3035

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants St. Lucie Rentals' and Christopher Johndrow's (hereinafter, the "Defendants") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

### I. BACKGROUND

Plaintiff True Value Co. (hereinafter, "Plaintiff") filed a three-count complaint alleging that Defendants willfully infringed Plaintiff's trademark and breached the parties' Membership Agreement (hereinafter, the "Agreement"). (Complaint ¶¶ 13-17).

On April 21, 2003, Plaintiff's predecessor in interest, Truserv Corporation, filed an action against St. Lucie Rentals in the Circuit Court of McHenry County, Illinois (Case No. 03 AR 335). Truserv alleged breach of contract and account stated. It is not entirely clear whether the claims involved the same contract at issue in the present case or another companion agreement.

Defendants made a limited appearance in state court to file a motion to dismiss for lack of personal jurisdiction. The court granted limited discovery on the issue of personal jurisdiction and held an evidentiary hearing. Based on the submitted evidence, in a short handwritten order, the court dismissed the case without prejudice under 735 ILCS 5/2-301(a) ("Objections to jurisdiction over the person").

True Value filed the instant action on May 20, 2005. Both parties filed motions to dismiss, and on September 28, 2005, the Court denied Defendants' motion and granted in part and denied in part Plaintiff's motion. [See 9/28/05 Ct. Oral Op.] On August 15, 2005, Plaintiff filed an action in Florida state court against St. Lucie Rentals alleging the same counts in the McHenry County case: breach of contract, open account, and unjust enrichment. Thereafter, Defendants filed the present motion to transfer the instant action to the Southern District of Florida.

## II. **DISCUSSION**

In considering a motion to transfer venue, the court accepts all well-pleaded allegations in the complaint as true unless controverted by affidavit. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001). Under 28 U.S.C. § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will

serve the convenience of the parties and the witnesses as well as the interests of justice. The decision of whether to transfer venue is in the sound discretion of the trial court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

The analysis of the third prong of § 1404(a) is a case-by-case consideration, weighing fairness and convenience as it applies to both parties and the interests of justice. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) convenience to the witnesses and parties. *Id.* Simply because transfer of venue is possible, however, does not mean that it is warranted.

### A. Plaintiff's Choice of Forum and Convenience of Parties

Plaintiff's choice of forum is entitled to significant deference and "unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed." *Bousis v. Marriot, Int'l, Inc.*, 47 F. Supp. 2d 1004, 1006 (N.D. Ill. 1999); *see also Coffey*, 796 F.2d at 219-29. Here, Plaintiff chose Illinois, as evidenced by the filing of this action and its forum selection clause, which both parties signed. Defendants dispute the validity of the agreement in its Answer. However, the Court construes all well-pleaded allegations as true, which include the agreement and its forum selection clause.

While there is no dispute that it would be most convenient for Defendants to litigate in Florida, Plaintiff's corporate headquarters are in Illinois. Thus, it may not necessarily be inconvenient for Plaintiff to litigate in Florida, however, it is clearly convenient for Plaintiff to litigate in Illinois. Ultimately, these factors counterbalance one another.

### B. Other Considerations

The balance of all other factors does not tip the scale in favor of transfer either. For example, contrary to Defendants' arguments, consolidation of the Florida state court action with a Southern District of Florida case would not be possible because there is no cross-jurisdictional consolidation. Further, even though the situs of events did not occur in Illinois, Defendants do not suggest any reason why the necessary sources of proof could not be easily accessed in the Illinois forum. The interests of justice, which include docket congestion and familiarity with the applicable law, also do not overwhelmingly weigh in favor of transfer. In fact, Defendants have not contested the applicability of Illinois law and even assumed its applicability in its motion to dismiss briefing. [See 9/28/05 Court Oral Op.].

### III. CONCLUSION

Finally, the Court notes that Defendants' reply memorandum repeatedly requests Rule 11 sanctions against Plaintiff. (Def. Reply Br. at 1-2, 4 & 6). Defendants refer to the alleged

"gamesmanship" by Plaintiff in filing three separate cases and to their alleged strategic acceptance of the agreement to invoke the forum selection clause. (*Id.*) First, in signing the six-page Agreement and tendering it to Plaintiff, Defendants were well aware of the unambiguous Illinois forum selection clause located directly above the signature lines, regardless of the outcome of the validity dispute. Second, Rule 11 sanctions are serious and the federal rules require that a party initiating a request for sanctions must file a separate motion and serve the opposing party twenty-one (21) days prior to presenting it to the court. FED. R. CIV. PROC. 11(c)(1)(A). Defendants' accusations are improper and therefore disregarded by the Court.

For the foregoing reasons, Defendants' Motion to Transfer **is DENIED.**

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: October 27, 2005